IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATLANTIC RECORDING CORP., et al.,

        Plaintiffs,

   v.

JAMES LAWSON,

        Defendant.

No.  CIV S-07-0148 FCD DAD

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

This matter came before the court on July 26, 2007, for hearing on plaintiffs' motion for default judgment against defendant.  Matthew Jaksa appeared telephonically on behalf of plaintiffs.  There was no appearance on behalf of defendant.  Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons stated on the record and set forth below, the undersigned recommends that plaintiffs' motion be granted.

PROCEDURAL BACKGROUND

Plaintiffs are recording companies that initiated this action for damages and injunctive relief pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq. for defendant's infringement of eight of plaintiffs' copyrighted sound recordings.  Despite being served with process, defendant failed to appear in this action.  The Clerk of the Court entered default against

defendant pursuant to plaintiffs' request. Plaintiffs served defendant with a copy of the clerk's entry of default. Plaintiffs then filed the instant motion along with declarations by counsel addressing damages.[1]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944), and Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. See Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

---

[1] Plaintiff did not submit evidence that defendant was served with plaintiffs' motion for default judgment and proposed default judgment.

## ANALYSIS

The detailed allegations of the complaint indicate that plaintiffs have exclusive rights to reproduce their respective copyrighted sound recordings and distribute them to the public and that defendant has used an online media distribution system to download plaintiffs' copyrighted recordings, distribute plaintiffs' copyrighted recordings to the public, and/or make the copyrighted recordings available for distribution to others, thereby infringing on plaintiffs' copyrights and violating plaintiffs' exclusive rights of reproduction and distribution.

The summons and complaint were served on defendant on April 9, 2007, by personal service. Defendant failed to answer or otherwise appear in this action. The Clerk entered defendant's default on May 16, 2007. Defendant was notified of the Clerk's entry of default by mail on May 16, 2007. Plaintiffs now seek entry of default judgment, requesting only the minimum statutory damages for the eight infringements alleged in the complaint in the amount of $6,000.00 pursuant to § 504 of the Copyright Act, a permanent injunction pursuant to § 502 of the Act, and costs in the amount of $420.00 pursuant to § 505 of the Act.

The court finds that the complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiffs seek only minimum statutory damages and costs, not the recovery of any lost profits or actual damages. Plaintiffs will be prejudiced if default judgment is denied because they will be without other recourse for recovery. In light of the Clerk's entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action. There is no indication that defendant's default resulted from excusable neglect, in light of plaintiffs' efforts to notify defendant of their complaint and their intent to pursue entry of default. Although public policy generally favors the resolution of a case on its merits, defendant's failure to appear and defend himself against plaintiffs' claims makes a decision on the merits impossible in this case. Because the relevant factors weigh in plaintiffs' favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted against defendant.

1          Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for either -- (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Subsection (c), in turn, provides that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c).  A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to actual damages and the amount of the defendant's profits.  Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001).  The undersigned will recommend that the assigned district judge award plaintiffs the minimum statutory damages of $750.00 as to each of the eight copyright violations, as requested by plaintiffs, and that plaintiffs be awarded their costs in the amount of $420.00, consisting of the $350.00 filing fee and $70.00 expended for service of process.

          The undersigned will also recommend that plaintiffs be granted a permanent injunction to enjoin defendant from reproducing and distributing plaintiffs' copyrighted works.  See MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993) (while the general rule is that a permanent injunction will be granted when liability has been established and there is a threat of continuing violations, § 502(a) of the Copyright Act authorizes the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (granting permanent injunction in a copyright infringement action as part of a default judgment because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease").

/////

4

Accordingly, IT IS HEREBY ORDERED that plaintiffs shall serve a copy of this order and findings and recommendations and a copy of their motion for default judgment and all supporting documents on defendant and file a proof of such service with the court within five days after the filing of this order and findings and recommendations; and

IT IS RECOMMENDED that:

1. Plaintiffs' June 8, 2007 motion for default judgment be granted; and

2. Plaintiffs' proposed default judgment and permanent injunction be signed and filed.

The findings and recommendations set forth above are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30)** days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within **ten (10)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:jp
DDad1\orders.civil\atlanticrecording0148.ord

5